IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-07-423 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| ZABULA KNUCKLES, | : | |
| JARAE AARON LINDSEY, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

March 24, 2008

**BACKGROUND:**

On October 25, 2007, a grand jury sitting in the Middle District of
Pennsylvania returned an indictment charging defendant Zabula Knuckles, along
with several codefendants, with various drug trafficking offenses.  (Rec. Doc. No.
1.)  On October 29, 2007, Knuckles was arraigned and entered a plea of not guilty
to the charges.

On February 1, 2008, Knuckles filed a motion to suppress physical evidence.
(Rec. Doc. No. 123.)  The same day, Knuckles filed a "Motion for Discovery of
Drug Detector Canine Information."  (Rec. Doc. No. 121.)  On February 4, 2008,
we denied Knuckles' discovery motion because it did not indicate that Knuckles
had requested the desired discovery from the government.  (Rec. Doc. No. 126.)

1

On February 22, 2008, Knuckles filed an "Amended Motion for Discovery of Drug Detector Canine Information."  (Rec. Doc. No. 148.)  On February 15, 2008, codefendant Jarae Aaron Lindsey filed a notice joining in Knuckles' motion to suppress.  (Rec. Doc. No. 142.)

Opposing and reply briefs have been filed for both motions and they are ripe for disposition.  For the following reasons, we will deny both motions.

**STATEMENT OF FACTS:**

On October 3, 2007, an Express Mail package arrived at the Post Office in Montandon, Pennsylvania with a return address listed as "Beverly Smith, 3759 N. Abby, Fresno, CA 93726" and addressed to "Angie Walter, P.O. Box 545, Montandon, PA 17850."  This post office box was registered to Angela Walter, a codefendant in this case.  Walter had previously filled out an application for the post office box and identified herself as the only person authorized to accept mail addressed to that box.  Furthermore, an ACCURINT search of the return address listed an apartment building as being at that address.  Although no Beverly Smith was determined to receive mail at that building, Knuckles and codefendant Renita Denise Morris were registered to an apartment there.

The postmaster in the Montandon Post Office had previously heard through a news account that there was recently a drug investigation at Angela Walter's trailer.

2

Furthermore, she was aware that only letter-size mail would generally come to Walter's post office box. Finally, she was aware from training that Express Mail is commonly used to transport narcotics across the country. Therefore, her suspicions aroused, the postmaster forwarded the package to postal inspectors in Philadelphia, Pennsylvania.

On October 17 2007, the parcel was exposed to a drug detention canine who provided a positive alert to the presence of controlled substances in the parcel. Later that day, the postal inspector applied for a search warrant, which was authorized by a magistrate judge in the Eastern District of Pennsylvania. The package was opened and the police seized a cellular phone and 80 grams of crack cocaine.

The same day that the package was opened, an individual called the Montandon Post Office to inquire about the package. Law enforcement offices arranged for a controlled delivery of the package, resealing the package and replacing all but five grams of the crack cocaine with a fake substance and also placing a transmitter into the package.

The government alleges that on October 25, 2007, Knuckles allegedly entered the Montandon Post Office to claim the parcel. He left with the package and entered his vehicle. Law enforcement pursued the vehicle and attempted to pull

it over, and after a brief high speed chase, Knuckles pulled over.  At that time, he and two male occupants, one of whom was codefendant Jarae Lindsey, fled on foot. They were soon arrested and the five grams of cocaine was found under a rock.


**DISCUSSION:**

### I.  Knuckles' Motion to Suppress

In his motion to suppress, Knuckles argues that the contents of the package should be suppressed because there was no reasonable suspicion to seize the package, the length of the seizure was unreasonable, and because the search warrant lacked probable cause.  (Rec. Doc. No. 124.)  The government, on the other hand, argues that Knuckles lacked a reasonable expectation of privacy in the package, that no unreasonable seizure took place, and that the search was conducted in good faith pursuant to a valid warrant.  (Rec. Doc. No. 146.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  It protects people, not places.  Katz v. United States, 389 U.S. 347, 351 (1967)  A defendant may assert a Fourth Amendment claim only if he or she has a legitimate expectation of privacy in the thing that was searched.  Rakas v. Illinois, 439 U.S. 128, 143 (1978).  Thus, a defendant must have a subjective expectation of

4

privacy and that expectation must be one that society is prepared to recognize as reasonable.  Katz, 389 U.S. at 361 (1967) (Harlan, J., concurring).

The Supreme Court has long held that individuals have legitimate expectations of privacy in letters and sealed packages.  United States v. Jacobsen, 466 U.S. 109, 114 (1984).  Therefore, the sender and addressee of a piece of mail has a legitimate expectation of privacy even though he or she may not be in physical possession of the mail while it is en route.  United States v. Givens, 733 F.2d 339, 341 (4th Cir. 1984); United States v. Richards, 638 F.2d 765, 769-70 (5th Cir. 1981); United States v. DiMaggio, 744 F.Supp. 43, 46 (N.D.N.Y. 1990)).  On the other hand, courts have also held that an individual who is not the sender or addressee generally does not have a legitimate expectation of privacy in a package. Givens, 733 F.2d at 341-42; United States v. Koenig, 856 F.2d 843, 846 (7th Cir.1988); United States v. Pierce, 959 F.2d 1297, 1303 (5th Cir. 1992).

In this case, we have the situation in which Knuckles is not listed on the package as the sender or addressee, but he nevertheless allegedly enlisted the sender and addressee in order to transport crack cocaine across the country and also allegedly picked up the package.  (Rec. Doc. No. 146, at 7.)  Both parties have cited cases which seemingly reach opposite conclusions regarding whether an individual who is the intended recipient of a package but not listed as the addressee maintains

a reasonable expectation of privacy in the package.

We find the cases cited by Knuckles to be unpersuasive to show that he maintained a reasonable expectation of privacy in the package. Knuckles has cited United States v. Villarreal, a Fifth Circuit case which held that an individual who had a package sent to him under a fictitious name, not to a third party, may assert a reasonable expectation of privacy in such a package. 963 F.2d 770, 774 (5th Cir. 1992). Similarly, he has cited United States v. Pitts, which also involved the use of a fictitious name, not a third party. 332 F.3d 449, 456-57 (7th Cir. 2003).

This case involves the use of a third party, not a fictitious name. Both the Fifth and Fourth Circuits have considered whether a defendant may assert a reasonable expectation of privacy in a package sent to a third party but nevertheless intended for the defendant and have held that he or she may not. Givens, 733 F.2d at 341; Pierce, 959 F.2d at 1303. Furthermore, the circuit courts in both of these cases specifically drew a distinction between packages sent to a third party and those sent to a fictitious name. Givens, 733 F.2d at 341 ("Defendants here are claiming a privacy interest in the contents of a package addressed neither to them nor to some entity, real or fictitious, which is their alter ego, but to actual third parties."); Pierce, 959 F.2d at 1303 n. 11 ("Here, the package was not addressed to a fictitious entity, or to an alter ego of [the defendant], but to [a third party]. Although

6

[the third party] may have had standing to raise Fourth Amendment objections, this personal right could not be asserted vicariously by [the defendant].”); see United States v. Colon-Solis, 508 F.Supp.2d 186 (D. Puerto Rico 2007) (discussing difference between sending a package to a fictitious name and to a third party).  We think that the distinction between packages sent to a third party and those sent to a fictitious name makes sense, because sending a package to a third party evidences less control over the package than to a fictitious name and therefore results in a lower objective expectation of privacy.

Although Knuckles may have had a subjective expectation of privacy in the package if he was the intended recipient of the package, we do not believe this expectation of privacy is one that society would accept as reasonable when he solicits a third party to be the addressee.  As some courts have noted, Knuckles’ conduct in failing to disclose his identity on the package “reflects a conscious desire . . . to avoid public disclosure of [his] subjective expectations for purposes of violating the law.  The Fourth Amendment does not extend its protections to such conduct.”  United States v. Gonzalez, Crim. No. 02-446, 2003 WL 431636 at * 1 (E.D.Pa. Feb. 20, 2003) (DuBois, J.) (quoting DiMaggio, 744 F.Supp. at 46).

Therefore, we conclude that defendant did not have a reasonable expectation of privacy in the package as to which he seeks to assert Fourth Amendment

protection.  Thus, we need not consider his arguments that there was no reasonable suspicion to seize the package, that the length of the seizure was unreasonable, and that the search warrant lacked probable cause.  Therefore, we will deny his motion to suppress.  Furthermore, our finding that Knuckles did not have an expectation of privacy obviously extends to defendant Jarae Lindsey, who has joined in this motion, because he was neither the sender or addressee of the package as well.

## II.  Knuckles' "Amended Motion for Discovery of Drug Detector Canine Information"

In his "Amended Motion for Discovery of Drug Detector Canine Information," Knuckles requests information concerning Fiji, the drug detector canine used in the instant case, which we summarize as follows: 1) the name and present address of Fiji's owner; 2) the name and address of Fiji's veterinarian and his veterinary records; 3) records concerning his training, testing, and certification; and 4) records concerning his handler's education and training.  (Rec. Doc. No. 148, at 4-6.)  Any relevance of this information as to defendant Knuckles appears to be eviscerated by our ruling on his motion to suppress.  Our ruling that no search took place as to Knuckles means that the package can be presented as evidence against him in the absence of a warrant altogether.  Therefore, we will deny this motion as well.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendant Knuckles' motion to suppress is DENIED.  (Rec. Doc. No.

    123.)  To the extent that defendant Jarae Lindsey has joined in the

    motion, his motion is denied as well.

2.  Defendant Knuckles' "Motion for Discovery of Drug Detector Canine

    Information" is DENIED.  (Rec. Doc. No. 148.)

s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge
